1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  GAYLON M. MAJORS,                              Civil No. 06cv1126-BTM (RBB)

12                              Petitioner,        **ORDER:**

13          vs.                                    **(1)  ADOPTING THE FINDINGS AND
                                                   CONCLUSIONS OF UNITED STATES
14                                                 MAGISTRATE JUDGE AND
                                                   OVERRULING OBJECTIONS
15                                                 THERETO;**

16  JAMES E. TILTON, Secretary,                    **(2)  DENYING PETITION FOR WRIT
                                                   OF HABEAS CORPUS; AND**
17                              Respondent.
                                                   **(3)  ISSUING A CERTIFICATE
18                                                 OF APPEALABILITY**

19         Petitioner is a California prisoner proceeding with a Petition for Writ of Habeas Corpus

20  pursuant to 28 U.S.C. § 2254, challenging his convictions for kidnapping for rape and assault

21  with intent to commit rape.  Petitioner claims that his Fourteenth Amendment rights to due

22  process and a fair trial were violated because there was insufficient evidence of his intent to rape

23  the victim (claim one), and because it was not harmless error to introduce evidence which had

24  been seized in violation of the Fourth Amendment (claim two).

25         Presently before the Court is a Report and Recommendation ("R&R") submitted by

26  United States Magistrate Judge Ruben B. Brooks, which recommends denying the Petition.

27  (Doc. No. 12.)  The Magistrate Judge found that habeas relief is unavailable because the state

28  court's adjudication of claim one was objectively reasonable within the meaning of 28 U.S.C.

-1-                                                                    06cv1126

1  § 2254(d), and because claim two is not cognizable on federal habeas under the doctrine

2  announced in Stone v. Powell, 428 U.S. 465 (1976), but that even if claim two were cognizable,

3  the state appellate court did not apply harmless error review in an objectively unreasonable

4  manner.  Petitioner has filed Objections to the R&R.  (Doc. No. 14.)

5  The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that:

6  "A judge of the court shall make a de novo determination of those portions of the report or

7  specified proposed findings or recommendations to which objection is made.  A judge of the

8  court may accept, reject, or modify, in whole or in part, the findings or recommendations made

9  by the magistrate judge."  28 U.S.C.A. § 636(b)(1) (West Supp. 2006).  For the following

10  reasons, the Court adopts the findings and conclusions of the Magistrate Judge as set forth below

11  and overrules the objections thereto, denies habeas relief, and issues a Certificate of

12  Appealability.

13  **I.      Background**

14  Petitioner was initially convicted of kidnapping, kidnapping for rape, assault with intent

15  to commit rape, and false imprisonment by violence following a jury trial based on evidence that

16  he impersonated a security officer in order to lure an eighteen year-old woman into his van

17  where he attempted to rape her.  Upon his arrest the police seized videotapes showing him

18  sexually assaulting his ex-wife while she was asleep or unconscious.  His motion to suppress the

19  videotapes was denied, and he pled guilty to rape of an unconscious person, oral copulation of

20  an unconscious person and three counts of object rape of an unconscious person.  A stipulation

21  describing the contents of the videotapes was introduced at the trial in the van incident for the

22  purpose of showing Petitioner's propensity to commit rape.  The convictions arising from the

23  incident involving Petitioner's ex-wife were overturned after the appellate court found that the

24  videotapes, which provided the only evidence to support those convictions, had been illegally

25  seized. The court also overturned the convictions for kidnapping and false imprisonment arising

26  from the van incident, finding them to be lesser included offenses of kidnapping for rape and

27  assault with intent to commit rape.  The appellate court refused to overturn the convictions for

28  kidnapping for rape and assault with intent to commit rape, finding that the introduction at trial

1   of the stipulation describing the contents of the videotapes was harmless error.

2   **II.     Claim 1**

3          Petitioner contends in claim 1 that his Fourteenth Amendment rights were violated

4   because there was insufficient evidence adduced at trial that he intended to rape the victim in the

5   van incident.  (Pet. at 6-9.)  The Magistrate Judge found that under the standard set forth in

6   Jackson v. Virginia, 443 U.S. 307 (1979), sufficient evidence existed in the record to support the

7   jury's finding that Petitioner had the intent to rape the victim, and, applying the deferential

8   standard of review set forth in 28 U.S.C. § 2254(d), concluded that the state appellate court's

9   determination to that effect was neither contrary to, nor involved an unreasonable application

10  of, clearly established federal law as set forth in Jackson.  (R&R at 13-22.)  The evidence

11  supporting intent to rape identified in the R&R included the victim's testimony that Petitioner

12  impersonated a security guard to get her into the van where he forced her to lie on her back,

13  pinned her arms down and straddled her, coupled with the evidence of Petitioner's prior sexual

14  offenses against his ex-wife which showed his propensity to commit rape.  (R&R at 20-22.)

15         Petitioner first objects to the application of 28 U.S.C. § 2254(d) to the state appellate

16  court opinion, contending that the state court's failure to make mention of the federal standard

17  of review set forth in Jackson requires a de novo review of the claim.  (Obj. at 2-3.)  Petitioner

18  contends the Magistrate Judge erred in relying on Early v. Packer, 537 U.S. 3 (2003) for the

19  proposition that section 2254(d) applies even when the state court does not specifically reference

20  the federal standard of review.  The Magistrate Judge concluded that section 2254(d) applied to

21  the state court opinion despite the fact that it did not mention the Jackson standard or federal law,

22  based on the statement in Packer that a state court need not even be aware of relevant United

23  States Supreme Court's cases, "so long as neither the reasoning nor the result of the state-court

24  decision contradicts them."  Packer, 537 U.S. at 8.  The Ninth Circuit has characterized that

25  statement in Packer as dictum.  Sims v. Rowland, 414 F.3d 1148, 1152 n.2 (9th Cir. 2005).

26  However, Petitioner's contention that this Court is free to disregard the deferential standard of

27  review set forth in section 2254(d) is foreclosed by Juan H. v. Allen, 408 F.3d 1262 (9th Cir.

28  2005), which applied section 2254(d) to a California appellate court opinion which also failed

1   to reference federal law and applied a nearly identical standard of review as the one applied by

2   the state appellate court here.  Compare id. at 1275 n.12 with Lodgment No. 9, People v. Majors,

3   No. D037968, slip op. at 18.  The Court therefore overrules this objection.

4          Petitioner next objects to the Magistrate Judge's application of 2254(d), focusing on a

5   concluding statement in the R&R that "all that is required" under Jackson is that intent to

6   commit rape is one rational interpretation of the evidence presented at trial.  (Obj. at 3, citing

7   R&R at 22, ln. 14-16.)  The Magistrate Judge correctly identified the scope of review of an

8   insufficiency of the evidence claim under Jackson and section 2254(d), and correctly applied

9   those standards to the state appellate court opinion.  (R&R at 14-22.)  The phrase used in the

10  R&R's conclusion as to that review, that all that is required under Jackson is that one rational

11  interpretation of the evidence supports intent to commit rape, is an incorrect statement of the

12  application of section 2254(d) and Jackson to a claim of insufficiency of the evidence.  The

13  correct standard is, viewing the evidence in the light most favorable to supporting the verdict,

14  and giving deference to the state courts findings of fact, whether no rational trier of fact could

15  have found the essential elements of the offense beyond a reasonable doubt.  Juan H., 408 F.3d

16  at 1276.  That was in fact the standard applied by the Magistrate Judge.  (R&R at 22, ln. 4-13.)

17         The Magistrate Judge correctly found that even if the evidence was sufficient to show that

18  Petitioner had the intent to commit some other type of sexual assault, as he contends, the

19  evidence was also sufficient to establish that he had the intent to commit rape.  The Court

20  overrules the objection to the standard of review used in the R&R.  The Court also overrules

21  Petitioner's objection to the Magistrate Judge's finding there was sufficient evidence that he had

22  the intent to rape the victim.  The Magistrate Judge correctly found that the victim's testimony,

23  coupled with evidence that Petitioner had a propensity to commit rape as shown by the prior rape

24  of his ex-wife, constituted sufficient evidence of intent to commit rape.  (R&R at 18-22.)  The

25  Court adopts the findings and conclusions of the Magistrate Judge with respect to claim 1, and

26  denies habeas relief for the reasons set forth in the R&R.

27  **III.   Claim 2**

28         Petitioner contends in claim 2 that the admission of evidence that he raped his ex-wife

1  in order to show his propensity to commit rape violated his Fourteenth Amendment rights to due

2  process and a fair trial.  (Pet. at 10.)  He contends habeas relief is available in this Court because

3  the evidence was seized in violation of his Fourth Amendment rights, and because the state

4  appellate court erred in finding the admission of the evidence harmless.  (Id.)

5       When Petitioner was arrested following the van incident, videotapes were found in his

6  home which showed him sexually assaulting his ex-wife while she was either asleep or

7  unconscious.  After his motion to suppress the videotapes was denied, he pled guilty to rape of

8  an unconscious person, oral copulation of an unconscious person, and three counts of rape with

9  a foreign object on an unconscious person, and proceeded to trial on charges related to the van

10  incident.  The trial court found that the videotapes were admissible as propensity evidence in the

11  trial on the charges arising from the van incident, but granted a defense motion to limit the scope

12  of the evidence after finding that the prejudicial effect of the videotapes outweighed their

13  probative value.  (Lodgment No. 2, Reporter's Tr. at 182-83.)  The jury was presented with a

14  stipulation of the parties, which read:

15          Your Honor, there would be a stipulation of facts regarding the defendant,
    Gaylon Michael Majors, committed an act of sexual intercourse with Carol
16  Majors, his ex-wife.  At the time of the act, while she was asleep/unconscious, and
    he knew she was asleep/unconscious, the defendant also orally copulated Carol
17  Majors, and put a finger, banana, and bottle in her vagina for purposes of sexual
    gratification, and while he knew she was asleep/unconscious.  These acts occurred
18  on January 28, 1999, and the defendant pled guilty to these crimes. . . . [¶]  if
    Carol Majors were to testify, she would testify that she is the ex-wife of Gaylon
19  Majors, the defendant.  She never has, and never would allow the defendant to
    place a banana or a bottle in her vagina.  She has never consented to defendant
20  placing his penis, finger, or mouth in her vagina while she was unconscious.  She
    has never pretended to be asleep/unconscious while she and the defendant were
21  engaging in the [sic] consensual sex.  [¶]  At the time of the crimes there [sic]
    were living together in her condo.  There was no physical violence beyond that
22  necessary in the rape conduct itself.  And she was not aware that the crime had
    occurred until 18 months later.

23

24  (Id. at 293-94.)

25       The state appellate court found that the trial court had incorrectly denied the motion for

26  suppression of the videotapes.  The  court found that the affidavit which the investigating officer

27  submitted to obtain the search warrant did not contain a factual basis for including videotapes

28  within the scope of the warrant, and that no exception to the warrant requirement had been

1   established.  (Lodgment No. 9, <u>People v. Majors</u>, No. D037968, slip op. at 8-11 (Cal.App.Ct.

2   Dec. 1, 2004.)  Petitioner was therefore allowed to withdraw his guilty plea to the offenses

3   regarding the sexual assault of his ex-wife, for which the videotapes provided the only evidence.

4   (<u>Id.</u> at 11.)  The appellate court denied Petitioner's Fourteenth Amendment due process claim

5   seeking to reverse the convictions arising from the van incident, however, stating:

6              Majors also argues that if the videotapes of his sexual assault on his former
           wife were obtained as a result of an illegal search, his stipulation that the sexual
7          acts shown on the videotapes occurred should not have been admitted into
           evidence.  Although his argument may be correct, we conclude that the admission
8          of the stipulation was nevertheless not prejudicial to his defense.  It is not
           reasonably likely that exclusion of the propensity evidence would have resulted
9          in a different result at trial with regard to counts 1 though 4. (*People v. Watson*
           (1956) 46 Cal.2d 818.)  Even were we to apply the *Chapman* standard of prejudice
10         (*Chapman v. California* (1967) 386 U.S. 18, 24), we would conclude that, beyond
           a reasonable doubt, exclusion of the evidence would not have resulted in a more
11         favorable verdict for Majors.

12  (Lodgment No. 9, <u>People v. Majors</u>, No. D037968, slip op. at 17-18.)

13          The Magistrate Judge, citing cases from federal courts in the First, Second, Third and

14  Tenth Circuits, found that Petitioner's challenge to the appellate court's harmless error analysis

15  is indistinguishable from a Fourth Amendment challenge to the seizure of the videotapes, and

16  is therefore foreclosed by <u>Stone v. Powell</u>.  (R&R at 22-27.)  Petitioner objects to this finding,

17  contending that he is not presenting a Fourth Amendment challenge, but merely challenging the

18  appellate court's harmless error finding, and that no Ninth Circuit case has found such a claim

19  to be indistinguishable from a Fourth Amendment challenge.  (Obj. at 4.)  The Magistrate Judge

20  alternately found that the appellate court "did not apply harmless error review in an objectively

21  unreasonable manner."  (R&R at 27-28.)

22          A fair reading the Petition reveals that Petitioner seeks habeas relief as to claim 2 on the

23  basis that his Fourteenth Amendment rights to due process and a fair trial were violated because

24  the state appellate court's finding of harmless error was objectively unreasonable under 28

25  U.S.C. § 2254(d)(1) for the same reasons he contends the evidence had a substantial and

26  injurious effect or influence on the jury's verdict, namely, due to the overwhelmingly powerful

27  nature of propensity evidence of this type, especially in a close case like this one, and because

28  the evidence was illegally seized in violation of the Fourth Amendment.  (Pet. at 10; Pet. Mem.

1  at 12-15.) Petitioner specifically disavows that he is challenging the merits of the determination

2  that the seizure of the videotapes violated the federal constitution, despite language to the

3  contrary in the Petition (see Pet. at 10), contending that "[t]he error raised in this petition is [the]

4  finding that the constitutional error was harmless." (Pet. Mem. at 14; Traverse at 5.)

5        Clearly established federal law provides that when a non-structural error of federal

6  constitutional magnitude occurs in a state trial, and the state court has applied the standard set

7  forth in Chapman v. California, 386 U.S. 18, 24 (1967), or its state law equivalent, finding the

8  error to have been harmless beyond a reasonable doubt, federal habeas relief is available only

9  if the petitioner can demonstrate that the application of Chapman was objectively unreasonable

10  within the meaning of 28 U.S.C. § 2254(d), and that the error "had a substantial and injurious

11  effect or influence in determining the jury's verdict." Calderon v. Coleman, 525 U.S. 141, 145

12  (1998), quoting Brecht v. Abrahamson, 507 U.S. 619. 637 (1993); see also Penry v. Johnson,

13  532 U.S. 782, 795 (2001); Inthavong v. LaMarque, 420 F.3d 1055, 1059 (9th Cir. 2005). The

14  Court in Calderon specifically noted that the application of Brecht's "substantial and injurious

15  effect" standard "protects the State's sovereign interest in punishing offenders and its good-faith

16  attempts to honor constitutional rights . . . while insuring that the extraordinary remedy of habeas

17  corpus is available to those whom society has grievously wronged." Calderon, 525 U.S. at 145

18  (internal citations and quotation marks omitted). Thus, in order to be entitled to federal habeas

19  relief, Petitioner must first identify a federal constitutional error which occurred at his trial, then

20  he must demonstrate that the state court's application of the harmless error standard in Chapman

21  was objectively unreasonable within the meaning of section 2254(d), and, finally, he must

22  demonstrate that the error had a substantial and injurious effect or influence on the jury's verdict.

23  Inthavong, 420 F.3d at 1059.

24        To the extent the federal constitutional error Petitioner identifies as having taken place

25  at his trial is the admission of evidence seized in violation of the Fourth Amendment (see Pet.

26  at 10), his claim is non-cognizable. The Court in Stone stated that: "In sum, we hold only that

27  a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment

28  claim absent a showing that the state prisoner was denied an opportunity for a full and fair

1   litigation of that claim at trial and on direct review." Stone, 428 U.S. at 494 n.37.  The

2   Magistrate Judge correctly concluded that to the extent Petitioner asks the Court to apply the

3   Fourth Amendment exclusionary rule, his claim is non-cognizable because he does not, and

4   cannot, contend he did not have a full and fair opportunity to litigate his Fourth Amendment

5   claim in the state courts.  The fact that he eventually prevailed in the appellate court on the

6   suppression issue proves that he had both a full and a fair opportunity to litigate the issue.

7          To the extent Petitioner presents a generalized due process claim arising from the

8   unfairness of the admission of the evidence on its own account (i.e., independent of the Fourth

9   Amendment violation), he has not identified a federal constitutional violation. In Jammal v. Van

10  de Kamp, 926 F.2d 918 (9th Cir. 1991), the Ninth Circuit recognized that only where there are

11  no permissible inferences to be drawn from evidence improperly admitted at trial can its

12  admission violate federal due process, and even then the evidence must be of such quality as to

13  necessarily prevent a fair trial.  Id. at 920.  The introduction of the evidence of Petitioner's

14  propensity to commit rape does not satisfy that standard.  Petitioner admits that California law

15  provides that such evidence is admissible.  (Obj. at 4.)  There was a permissible inference the

16  jury could have drawn from the evidence, namely, that Petitioner had a propensity to commit

17  rape, and in particular a propensity to rape compliant victims, particularly in light of the

18  evidence that he lured her into his van by impersonating a security guard, told her if she

19  cooperated she would not be hurt, did not physically injure her, but straddled her and held her

20  arms down while imploring her to do what he wanted and telling he that she would not be hurt

21  if she cooperated, and allowing her to leave after she continued to struggle and said she would

22  rather die than submit.  (R&R at 3-4.)  Neither was the evidence of a quality so as to deprive

23  Petitioner of a fair trial, as Petitioner stipulated to its accuracy.  Thus, to the extent Petitioner is

24  contending the introduction of the stipulation violated his Fourteenth Amendment right to due

25  process and a fair trial separate and apart from a Fourth Amendment violation, there is no basis

26  for federal habeas relief.  Jammal, 926 F.2d at 920.

27         Finally, Petitioner attempts to present what appears to be a novel federal due process

28  violation, one arising solely from the finding of the appellate court that the Fourth Amendment

1  error was harmless.  If Petitioner were to demonstrate that the application of the Chapman

2  standard by the appellate court was contrary to or involved an unreasonable application of

3  clearly established federal law as those terms are defined in 28 U.S.C. § 2254(d)(1), he would

4  not state an independent constitutional violation, but would merely pass one of the hurdles

5  placed in his way by Congress in AEDPA to obtain habeas relief.  See Duhaime v. Ducharme,

6  200 F.3d 597, 601 (9th Cir. 1999) (holding that: "Section 2254(d) merely limits the source of

7  clearly established law that the Article III court may consider, and that limitation serves to

8  govern prospectively classes of habeas cases rather than offend the court's authority to interpret

9  the governing law and to determine the outcome in any pending case.")  There is no authority

10  cited by Petitioner to support a finding that a state court's harmless error review in and of itself

11  can establish a violation of the federal constitution, or federal law or treaties, sufficient to

12  support a grant of habeas relief.  Rather, the only federal constitutional violation identified by

13  Petitioner arises under the Fourth Amendment.  Because such a claim is barred by Stone,

14  Petitioner is not entitled to habeas relief.  However, mindful of the low threshold, the Court

15  issues a Certificate of Appelability as to all claims in the Petition.  See Lambright v. Stewart, 220

16  F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial

17  of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists

18  of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the

19  questions are adequate to deserve encouragement to proceed further).

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

**IV.    Conclusion and Order**

For the reasons set forth above, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge, and overrules the objections thereto.  The Court **DENIES** the petition for writ of habeas corpus and **ISSUES** a Certificate of Appealability as to all claims presented in the Petition.

The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED.**

DATED:  March 20, 2007

Hon. Barry Ted Moskowitz
United States District Judge